IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELREECE M. THOMPSON, | ) | CASE NO. 3:14 CV 1279 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in connection with the *pro se* petition of Delreece M. Thompson for habeas relief under 28 U.S.C. § 2254[2] is a motion by respondent Warden Neil Turner to dismiss this matter as procedurally defaulted. Thompson has not responded to the motion. For the reasons that follow, I recommend that the motion be granted and that the petition dismissed.

The facts relevant to adjudicating the present motion are not complex.

In 2012, Thompson pled guilty in Marion County Common Pleas Court to charges of voluntary manslaughter and having a weapon while under disability, and he was sentenced to a total term of 14 years in prison plus the payment of costs and fees.[3] Thompson, *pro* se,

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Sara Lioi in a non-document order entered on September 23, 2014.

[2] ECF # 6.

[3] ECF # 15, Attachment (state court record) at 28-29.

then moved the trial court to waive payment of court costs and fees,[4] but the trial court overruled the motion.[5]

Thompson, *pro se*, thereupon appealed from only the assessment of court costs and fees.[6] The State did not file a responsive brief, and the Ohio appeals court affirmed the decision of the trial court to assess costs and fees, remanding the case so that such costs could be collected.[7] Thompson did not appeal this decision to the Supreme Court of Ohio.[8]

Thompson next filed the present petition for federal habeas relief.[9] In the petition he notes that he did not appeal his conviction in the Ohio courts[10] and further notes that he does not seek vacation of the conviction and sentence because of constitutional error but rather seeks a monetary award of $150 million for compensatory and punitive damages.[11]

Warden Turner's motion to dismiss is premised on the fact that Thompson has not raised any issue of any kind in direct appeal of his conviction and sentence with the Ohio

---

[4] *Id.*, at 11.

[5] *Id.*, at 15.

[6] *Id.*, at 16, 21-23.

[7] *Id.*, at 27.

[8] *See*, ECF # 15 at 5.

[9] ECF # 6.

[10] *Id.* at 2.

[11] *Id.* at 14.

courts, with the sole exception of his challenge to the imposition of court costs and fees.[12] Because any attempt to now file a delayed direct appeal raising such issues would be more than two years late, and because there is no evidence that Thompson has been diligent in pursuing his rights over that period of time, it is likely that Thompson's federal claims for relief are exhausted, since any attempt to assert them now in a delayed appeal would likely be futile. Thus, although such claims are exhausted, they are procedurally defaulted for not having been considered through one full round of Ohio's review process.[13]

In that regard, Thompson has made no effort to provide a basis to excuse the default through a showing of cause and prejudice, or by establishing actual innocence[14] – which claim would be difficult to credibly make given Thompson's guilty plea. Indeed, Thompson has made no argument or response of any kind for nearly four months to the Warden's motion and its assertion that his petition should be dismissed as procedurally defaulted.[15]

Accordingly, for the reasons stated above, I recommend that the petition of Delreece M. Thompson for a writ of habeas corpus be dismissed in its entirety as procedurally defaulted.

Dated: April 13, 2015        s/ William H. Baughman, Jr.
                             United States Magistrate Judge

---

[12] ECF # 15 at 7-8.

[13] *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

[14] *Reed v. Farley*, 512 U.S. 339, 354-55 (1994).

[15] The motion was filed December 12, 2014.

## **Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[16]

---

[16] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).